UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHABAD LUBAVITCH OF : <br> LITCHFIELD COUNTY, INC., et al., : <br>     Plaintiffs, : <br> : <br> v. : <br> : <br> : <br> BOROUGH OF LITCHFIELD, : <br> CONNECTICUT, et al., : <br>     Defendants. : | CIVIL ACTION NO. <br> 3:09-CV-1419(JCH) <br><br> MAY 7, 2010 |

**RULING RE: MOTION TO DISMISS COUNTS NINE AND TEN OF SECOND AMENDED COMPLAINT (Doc. No. 28)**

Plaintiffs, Chabad Lubavitch of Litchfield County, Inc. ("Chabad") and Rabbi Joseph Eisenbach, brought this action against defendants Borough of Litchfield, Connecticut ("the Borough"), Historic District Commission of the Borough of Litchfield ("the Commission," "Historic Commission"), and individual defendants Doe One through Ten, under 42 U.S.C. §§ 1983, 1985, and 1986; the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc(2)(a), (2)(b)(1), and (2)(b)(2); Article First § 3,4,5, and 14 of the Connecticut Constitution; and the Connecticut Religious Freedom Act ("CRFRA"), Conn. Gen. Stat. § 52-571b.  See 2d Am. Compl. (Doc. No. 25).  As stated in the Second Amended Complaint, this action is based upon the defendants' alleged attempts to infringe upon plaintiffs' free exercise of religion and freedom of association by denying a Certificate of Appropriateness for plaintiffs' plans to renovate a property into a Temple.  See 2d Am. Compl.  Defendants move the court to dismiss Counts Nine and Ten, which allege civil conspiracy and failure to prevent civil conspiracy under 42 U.S.C. § 1985(3) and 1986, pursuant to Rule

1

12(b)(6) of the Federal Rules of Civil Procedure. See Mot. to Dismiss (Doc. No. 28). For the reasons stated below, the defendants' motion is denied.

I.   FACTS[1]

Chabad is a religious corporation formed in 1996, founded for the purposes of serving a spiritual and religious mission in Litchfield. Chabad owns property in the Borough. Rabbi Eisenbach is a member of Chabad. The Borough is a municipal corporation formed under the laws of Connecticut. The Historic Commission has been authorized by the Borough to adopt, interpret, and apply land use regulations, including the authority to make decisions granting or denying applications for use of land and strutural changes within the Borough's Historic District. The unnamed defendants, Does One through Ten, are believed by the plaintiffs to be "agents, servants, employees, licensees, guarantees, indemnitors, invitees, or assignees" of the other defendants. See 2d Am. Compl. at ¶ 13.

Plaintiffs allege that there is no Temple in Litchfield that is appropriate for Chabad to hold its services and meetings. Chabad currently leases a portion of a loading dock, which lacks sufficient and appropriate space for it to "meet the spiritual and physical needs of their parishioners." See 2d Am. Comp. at ¶¶ 22-23. Chabad has lost parishioners because of the limitations of its current space. In order to accommodate the needs of its parishioners, Plaintiffs purchased property located at 85 West Street, Litchfield, Connecticut ("the Property") to serve as its permanent location for a Temple. The Property is located in the Borough's Historic District.

---

[1] The facts are taken from the Second Amended Complaint, as that is the version of the Complaint the pending Motion to Dismiss (Doc. No. 28) addresses.

In order to create a proper Temple, Chabad must modify the Property. To gain approval for those proposed modifications, it submitted a Certificate of Appropriateness, along with supporting documentation, to the Historic Commission on September 6, 2007. This Certificate was formally filed on October 18. Prior to filing, Chabad had commissioned engineering, architecture, and historic preservation professionals to assist them in developing a site plan for the Property. Chabad also commissioned an examination of the architectural uses of surrounding properties. Other properties within the Historic District, including other religious facilities, have been approved by the Commission for significant modifications and additions. Chabad's proposed Certificate is consistent with the patterns of development within the Historic District.

Defendants requested that Chabad make architectural and site plan modifications, which it did, at a significant increase in cost. Public hearings on the Certificate of Appropriateness were held by the Commission on November 15 and December 17, 2007. According to Chabad, at these meetings, members of the Historic Commission and an attorney representing the Town Selectwoman made derogatory comments about plaintiffs and the Jewish faith, including: Historic Commission chair Wendy Kuhn "noted her objections . . . the Star of David may not comply with the district;" Historic Commission member Judith K. Acerbi stated that, if the Temple were permitted, "[t]his design will turn Litchfield into a factory town;" Historic Commission alternative member Kathleen Crawford stated, "Stone from Israel? We'll have to get the whole town out for this one;" and an attorney representing the Town Selectwoman stated that the plaintiff's plan should be "reviewed as if it were a strip joint." See 2d Am. Compl. at ¶ 54. On December 20, the Historic Commission issued a written decision

3

denying the plaintiffs' Certificate of Appropriateness.

## II.    STANDARD OF REVIEW

In deciding a motion to dismiss, the court takes the allegations of the Complaint as true and construes them in a manner favorable to the pleader.  See, e.g., Hoover v. Ronwin, 466 U.S. 558, 587 (1984); Phelps v. Kapnolas, 308 F.3d 180, 184 (2d Cir. 2002).  The court must draw all reasonable inferences in the plaintiff's favor.  See, e.g., Yung v. Lee, 432 F.3d 142, 146 (2d Cir. 2005).  A motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6), tests only the adequacy of the complaint.  See United States v. City of N.Y., 359 F.3d 83, 87 (2d Cir. 2004).  Bald assertions, and mere conclusions of law, do not suffice to meet the plaintiff's pleading obligations. See Amron v. Morgan Stanley Inv. Advisors Inc.,464 F.3d 338, 344 (2d Cir. 2006).  Instead, plaintiffs are obliged to "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible."  Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007), rev'd on other grounds sub. nom. Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). The "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft, 129 S. Ct. at 1949.

## III.   DISCUSSION

On November 18, 2009, the institutional defendants filed a Motion to Dismiss Counts Nine and Ten of the Second Amended Complaint.  See Mot. to Dismiss.  This court scheduled oral argument on that Motion for March 5, 2010.  On February 19, the parties filed a Joint Motion to Suspend the Oral Argument.  See Joint Mot. to Suspend

4

Hearing (Doc. No. 38).  The parties stated that plaintiffs planned to amend the Complaint, which could possibly moot the defendants' Motion to Dismiss.  See id. at 1.  This court granted the Joint Motion.  On March 25, 2010, the parties moved for an extension of time to amend pleadings and name additional parties until April 26, 2010.  See Joint Mot. for Extension of Time (Doc. No. 50).  This court granted that Motion on April 14.  See Order (Doc. No. 52).  On April 26, 2010, plaintiffs filed a Third Amended Complaint, eliminating the John Doe defendants and naming Wendy Kuhne, Glenn Hillman, and Kathleen Crawford as individual defendants.  See 3d Am. Compl. (Doc. No. 54).

      The original institutional defendants move the court to dismiss the claims for civil conspiracy and failure to prevent civil conspiracy under section 1985(3) and section 1986 of title 42 of the United States Code, found in Counts Nine and Ten.  See Mot. to Dismiss at 1.  Defendants argue that plaintiffs have failed to allege with specificity the facts giving rise to the conspiracy claim.  See Def.'s Mem. in Supp. of Mot. to Dismiss (Def.'s Mem.") at 5.  Counts Nine and Ten are only asserted against the individual defendants, Does One through Ten.[2]  See Second Am. Comp. at ¶¶ 96-109.

      Plaintiffs argue that the original defendants who made the Motion to Dismiss cannot move to dismiss the claims against the individual defendants (unnamed in the Second Amended Complaint) because they lack standing to do so.  See Pl.'s Mem. in Opp. of Mot. to Dismiss ("Pl.'s Opp.") at 2-3 (Doc. No. 29).  Rule 8(b)(1) of the Federal

---

[2] In the Third Amended Complaint, the civil conspiracy claims found in Counts Nine and Ten are only asserted against the individual defendants, Kuhne, Hillman, and Crawford.  See 3d Am. Compl. at ¶¶ 100-113.

Rules of Civil Procedure states that, in responding to a pleading, a party must state "its defenses to each claim asserted *against it*." See FED. R. CIV. P. 8(b)(1)(A) (emphasis added). Rule 12(b) motions are one method for presenting a defense to a claim.[3] See FED. R. CIV. P. 12(b). Thus, it follows that a party may only file a Rule 12(b) motion presenting a defense to claims asserted against it. Counts Nine and Ten are not asserted against the moving defendants, and so those defendants cannot file a Rule 12(b) motion to dismiss such claims.

The moving defendants also appear to claim standing because they anticipated the individual (and unnamed at the time of the filing of the Motion) defendants "to be members of the Historic District Commission." See Mot. to Dismiss at 1 n.1. However, the individual defendants are being sued in their individual capacity in Counts Nine and Ten, and thus the original institutional defendants do not have standing to move to dismiss a claim against such individuals, even if they are members of the Historic District Commission.

Therefore, because the defendants who filed this Motion to Dismiss (Doc. No. 28) do not have standing to dismiss Counts Nine and Ten, the Motion to Dismiss is denied. This Ruling does not address the substance of the defendants' 12(b)(6) motion. The Doe defendants having been named in the Third Amended Complaint and now having moved themselves to dismiss on this ground, the court will address those issues in connection with that Motion (Doc. No. 59).

---

[3] The court recognizes that Rule 8 addresses responsive pleadings and Rule 12(b) motions must be filed before any responsive pleadings are filed. However, Rule 8 and Rule 12 are "closely related and interdependent." See 5 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE, § 1203. Therefore, it follows that the requirement of Rule 8(b)(1)(A) that a party respond to any defenses against it applies to Rule 12(b), which addresses specific defenses.

### IV. CONCLUSION

For the foregoing reasons, defendants' Motion to Dismiss Counts Nine and Ten of the Second Amended Complaint (Doc. No. 28) is **DENIED**.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 7th day of May, 2010.

      /s/ Janet C. Hall
Janet C. Hall
United States District Judge