UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHABAD LUBAVITCH OF LITCHFIELD COUNTY, INC. AND RABBI JOSEPH EISENBACH, Plaintiffs, | : : : : : | CIVIL ACTION NO. 3:09-CV-1419 (JCH) |
| v. | : : | |
| BOROUGH OF LITCHFIELD, CONNECTICUT, ET AL. Defendants. | : : : | JULY 21, 2010 |

**RULING RE: DEFENDANTS' MOTION TO STRIKE PURSUANT TO FEDERAL RULE 12(f) (Doc. No. 56)**

**I.    INTRODUCTION**

Plaintiffs, Chabad Lubavitch of Litchfield County, Inc. ("the Chabad"), and Rabbi Joseph Eisenbach ("Rabbi Eisenbach"), bring this action against defendants, the Borough of Litchfield, Connecticut ("the Borough"); the Historic District Commission of the Borough of Litchfield, Connecticut ("the HDC"); and Wendy Kuhne ("Kuhne"), Glenn Hillman, and Kathleen Crawford, members of the HDC, for declaratory relief and damages for injuries plaintiffs allegedly sustained as a result of the discriminatory activity of defendants.  Plaintiffs filed a Third Amended Complaint (Doc. No. 54) on April 26, 2010.  Defendants move the court under Fed. R. Civ. P. 12(f) to strike certain portions of the Third Amended Complaint.  For the following reasons, the court denies defendants' Motion to Strike.

**II.    FACTUAL BACKGROUND**

In order to accommodate a growing body of parishioners, the Chabad purchased

1

a building located in the Borough ("the Property"). Third Am. Comp. at ¶¶ 31-32. The Property is located in a historic district of the Borough. Id. at ¶¶ 46-47. In order for the Property to be suitable for its needs, the Chabad sought to modify the building and, on or about October 18, 2007, filed a Certificate of Appropriateness before the HDC.[1] See id. at ¶¶ 58-63. After a series of public hearings, the HDC denied the Chabad's Certificate. Id. at ¶¶ 60-61.

In their newly amended complaint, plaintiffs add two sections to which defendants object. In paragraphs 40 through 45, plaintiffs include a brief description of the history of discrimination against Jewish people and the need for places of worship for Orthodox Jews. See id. at ¶¶ 40-45. Some of the description is limited to the discrimination experienced by Jews in the United States and in recent history. See id. at ¶¶ 40, 44-45. However, plaintiffs also include a brief description of the Holocaust and the Nazis' attempt to exterminate the Jewish population. See id. at ¶¶ 41-44.

A second portion that defendants object to is in the new complaint's paragraph 63. Plaintiffs describe an incident that occurred during Kuhne's initial deposition. See id. at ¶ 63. Kuhne allegedly objected to the presence of Rabbi Eisenbach's presence at her deposition, exclaiming "I will not be in the same room with that man." Id. Kuhne allegedly refused to continue the deposition. Id.

## III. ANALYSIS

Rule 12(f) permits the court to "strike from a pleading . . . any redundant,

---

[1] The Chabad had previously presented the application at a pre-hearing meeting on or about September 6, 2007, but did not formally file the Certificate until October. See Third Am. Comp. at ¶¶ 58-59.

immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The court cannot strike plaintiffs' allegations unless "no evidence in support of the allegation would be admissible." Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976). Evidentiary questions, however, are more properly analyzed at trial and not "on the sterile field of the pleadings alone." Id. Therefore, these motions are "viewed with disfavor and infrequently granted." Rodriguez v. Bear Stearns Cos., No. 07-cv-1816, 2009 WL 995865, at *10 (D. Conn. Apr, 14, 2009); see also Lipsky, 551 F.2d at 893 ("[T]he court should not tamper with the pleadings unless there is a strong reason for doing so.").

The court finds that plaintiffs' amended language passes muster under Rule 12(f). While a lengthy description of the history of discrimination might be irrelevant, one might expect some background information to be relevant in a discrimination claim. The court is also not prepared to read into this history an implication that defendants are connected to the events described or that defendants' duty is altered by this history. See Mot. to Strike Pursuant to Federal Rule 12(f) at 3-4 (Doc. No. 56). Plaintiffs do not make such a claim in their Amended Complaint, and the pleading stage is not the proper time for the court to weigh prejudice versus probative value. Rather defendants should bring such objections in a motion in limine.

With regard to the statement made by Kuhne at the deposition proceedings, the court is not prepared to determine the relevance of that statement at this point. Plaintiffs may be able to locate an admission within Kuhne's statement or circumstantial evidence of prejudice or animus. Because the court cannot say at this time that "no evidence in support of the allegation would be admissible," it denies this aspect of the

motion. Lipsky, 551 F.2d at 893.

## IV. CONCLUSION

For the foregoing reasons, the court denies Defendants' Motion to Strike Pursuant to Rule 12(f) (Doc. No. 56).

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 21st day of July, 2010.

                                       /s/ Janet C. Hall
                                       Janet C. Hall
                                       United States District Judge