UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHABAD LUBAVITCH OF LITCHFIELD COUNTY, INC. AND RABBI JOSEPH EISENBACH, Plaintiffs, | : : : : : | CIVIL ACTION NO. 3:09-CV-1419 (JCH) |
| v. | : : | |
| BOROUGH OF LITCHFIELD, CONNECTICUT, ET AL., Defendants. | : : : | JULY 20, 2010 |

**RULING RE: DEFENDANTS' MOTION TO DISMISS COUNTS NINE AND TEN OF THE THIRD AMENDED COMPLAINT (Doc. No. 59)**

**I.  INTRODUCTION**

Plaintiffs, Chabad Lubavitch of Litchfield County, Inc. ("the Chabad"), and Rabbi Joseph Eisenbach, bring this action against defendants, the Borough of Litchfield, Connecticut ("the Borough"); the Historic District Commission of the Borough of Litchfield, Connecticut ("the HDC"); and Wendy Kuhne ("Kuhne"), Glenn Hillman, and Kathleen Crawford ("Crawford"), members of the HDC, for declaratory relief and damages for injuries plaintiffs allegedly sustained as a result of the alleged discriminatory activity of defendants.  Counts Nine and Ten of plaintiffs' Third Amended Complaint (Doc. No. 54) assert causes of actions under 42 U.S.C. § 1985(3) and 42 U.S.C. § 1986, respectively, alleging a conspiracy to violate plaintiffs' rights and the failure to prevent such a conspiracy.  Defendants move the court under Fed. R. Civ. P. 12(b)(6) to dismiss these claims on the grounds that plaintiffs have failed to state claims upon which relief can be granted.  For the following reasons, the court denies

1

defendants' motion to dismiss Counts Nine and Ten.

## II. FACTUAL BACKGROUND

In order to accommodate a growing body of parishioners, the Chabad purchased a building located in the Borough ("the Property"). Third Am. Comp. at ¶¶ 31-32. The Property is located in a historic district of the Borough. Id. at ¶¶ 46-47. In order for the Property to be suitable for its needs, the Chabad sought to modify the building and, on or about October 18, 2007, filed a Certificate of Appropriateness before the HDC.[1] See id. at ¶¶ 58-63. After a series of public hearings, the HDC denied the Chabad's Certificate. Id. at ¶¶ 60-61.

Several statements were made in what appear to be meetings of the HDC that may contain evidence of discrimination directed against Jewish people in general and the Chabad in particular. See id. at ¶ 57. One of these statements was made by Kuhne and another by Crawford.[2] Id. Plaintiffs further allege that, "[w]hile meeting together outside the official meetings, Individual Defendants agreed to deny Plaintiffs' Certificate." Id. at ¶ 63.

## III. STANDARD OF REVIEW

In deciding this Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the court takes the allegations of the plaintiffs' Amended Complaint as true and construes them in a

---

[1] The Chabad had previously presented the application at a pre-hearing meeting on or about September 6, 2007, but did not formally file the Certificate until October. See Third Am. Comp. at ¶¶ 58-59.

[2] A third statement was made by Judith K. Acerbi, a member of the HDC, who was not named as a defendant in the Amended Complaint, and a fourth statement was made by an attorney representing Martha Bernstein, a Town Selectwoman who was also not named as a defendant. See Third Am. Compl. at ¶ 57.

manner favorable to the plaintiffs. See, e.g., Hoover v. Ronwin, 466 U.S. 558, 587 (1984); Phelps v. Kapnolas, 308 F.3d 180, 184 (2d Cir. 2002). The court must draw all reasonable inferences in the plaintiffs' favor. See, e.g., Yung v. Lee, 432 F.3d 142, 146 (2d Cir. 2005).

A motion to dismiss for failure to state a claim tests only the adequacy of the complaint. See United States v. City of New York, 359 F.3d 83, 87 (2d Cir. 2004). Bald assertions, and mere conclusions of law, do not suffice to meet the plaintiffs' pleading obligations. See Amron v. Morgan Stanley Inv. Advisors Inc., 464 F.3d 338, 344 (2d Cir. 2006). Instead, plaintiffs are obliged to "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007), rev'd on other grounds sub. nom. Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). The "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft, 129 S. Ct. at 1949.

**IV.   DISCUSSION**

    A.    Plaintiffs' Claim Under 42 U.S.C. § 1985(3) (Count Nine)

In order for plaintiffs to state a claim under 42 U.S.C. § 1985(3), they must allege:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

Cine SK8, Inc. v. Town of Henrietta, 507 F.3d 778, 791 (2d Cir. 2007). Additionally, plaintiffs must allege that the conspiracy was "motivated by some . . . class-based,

3

invidious discriminatory animus." Id.; see also Thomas v. Roach, 165 F.3d 137, 146-47 (2d Cir. 1999).

To allege that a conspiracy has occurred, plaintiffs "must establish a factual basis upon which to infer the defendants had a 'meeting of the minds' to achieve the alleged wrong." Spector v. Bd. of Trs., 463 F. Supp. 2d 234, 250 (D. Conn. 2006) (quoting Webb v, Goord, 340 F.3d 105, 110 (2d Cir. 2003)). "[A] complaint containing only conclusory, vague, or general allegations of conspiracy . . . cannot withstand a motion to dismiss." Boddie v. Schnieder, 105 F.3d 857, 862 (2d Cir. 1997) (internal quotation marks omitted); see also Prasad v. City of New York, 2010 WL 1048194, at *2 (2d Cir. Mar. 22, 2010) ("[A]ppellants' allegation of a conspiracy was properly dismissed as 'unsupported, speculative, and conclusory.'" (quoting Boddie, 105 F.3d at 862)).

Plaintiffs have satisfied the pleading requirements to state a claim of conspiracy. Plaintiffs allege that, "Individual Defendants . . . entered into an agreement and conspired" to violate plaintiffs' rights. Third Am. Comp. at ¶¶ 101-03. This conclusory allegation alone cannot qualify as a factual basis sufficient to make the plaintiffs' claim plausible. However, plaintiffs additionally allege that these individual defendants, "[w]hile meeting together outside the official meetings, . . . agreed to deny Plaintiffs' Certificate" and that Kuhne "took actions and made comments to other Individual Defendants and other Members of the [HDC] attempting to persuade others to vote against Plaintiffs' Certificate." Id. at ¶ 63. These factual allegations raise plaintiffs' claim above a speculative level. See Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010) ("[Plaintiffs'] complaint must contain sufficient factual matter . . . to state a claim

to relief that is plausible on its face.") (internal citations and quotation marks omitted).

Plaintiffs also rely on specific comments allegedly made by two of the named defendants during the HDC's meetings. See Pls.' Opp. to Defs.' Mot. to Dismiss Counts Nine and Ten, May 26, 2010, at 4-5 ("Pls.' Opp.") (Doc. No. 62). According to the Amended Complaint, Kuhne "noted her objections . . . the Star of David may not comply with the district." Third Am. Comp. at ¶ 57 (alteration in original). Crawford reportedly stated: "Stone from Israel? We'll have to get the whole town out for this one." Id. These statements on their own would not lead to an inference of conspiracy. But, when they are read in conjunction with the allegations in paragraph 63, they provide additional support for plaintiffs' conspiracy allegations.

In order to establish animus, plaintiffs point to the statements in paragraph 57 discussed, supra, as well as a statement made by Kuhne at her first deposition. See Pls.' Opp. at 6. Kuhne allegedly refused to participate at her deposition due to the presence of Rabbi Eisenbach and reportedly shouted "I will not be in the same room with that man." Third Am. Compl. at ¶ 63. Without opining on whether Kuhne's and Crawford's statements quoted in paragraph 57 actually were motivated by animus against Jewish people in general or Hasidic Jews in particular, the court finds that these statements are sufficient to allege such animus. Kuhne's reaction at her deposition is less clearly connected, particularly since it does not seem to indicate any class-based animus, but rather animus against Rabbi Eisenbach. However, the court finds the statements in paragraph 57, on their own, sufficient to state a non-speculative allegation of animus.

Taking all of plaintiffs' allegations together, the court concludes that plaintiffs

have a "plausible" cause of action for conspiracy to violate their rights under 42 U.S.C. § 1985(3).

  B. <u>Plaintiffs' Claim Under 42 U.S.C. § 1986 (Count Ten)</u>

Plaintiffs also claim under 42 U.S.C. § 1986 that the individually named defendants neglected or refused to "prevent or aid in preventing the commission" of a conspiracy under 42 U.S.C. § 1985. It is well settled that "a § 1986 claim must be predicated upon a valid § 1985 claim." <u>Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.</u>, 7 F.3d 1085, 1088 (2d Cir. 1993); <u>see also</u> <u>White v. St. Joseph's Hosp.</u>, 2010 WL 808468, at *2 (2d Cir. Mar. 10, 2010) (noting that a section 1986 claim "necessarily failed" because plaintiff "failed to state a claim under § 1985"). Plaintiffs here have sufficiently pled a cause of action for conspiracy under section 1985(3), and defendants' only objection to Count Ten relates to its objections to the underlying conspiracy claim. <u>See</u> Mot. to Dismiss at 10-11. The court finds that the factual allegations alleged in support of plaintiffs' conspiracy allegations are sufficient to support a parallel claim under section 1986. <u>See</u> <u>Scruggs v. Meridan Bd. of Educ.</u>, No. 3:03CV2224, 2005 WL 2072312, at *13 (D. Conn. Aug. 26, 2005) ("As the Court has found a viable § 1985 claim, the § 1986 claim is sufficient as well."), <u>vacated in part on other grounds</u>, 2006 WL 2715388 (D. Conn. Sept. 22, 2006).

**V. CONCLUSION**

For the foregoing reasons, the court denies Defendants' Joint Motion to Dismiss Counts Nine and Ten of the Third Amended Complaint (Doc. No. 59).

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 20th day of July, 2010.

       /s/ Janet C. Hall
Janet C. Hall
United States District Judge