UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHABAD LUBAVITCH OF LITCHFIELD COUNTY, INC. et al.,<br>　　Plaintiffs,<br><br>　　v.<br><br>BOROUGH OF LITCHFIELD, CONNECTICUT et al.,<br>　　Defendants. | CIVIL ACTION NO.<br>3:09-CV-1419 (JCH)<br><br><br><br><br><br>JANUARY 28, 2015 |

**RULING RE: MOTION TO STAY PENDING APPEAL [sic] (Doc. No. 189)**

The plaintiffs have moved for a stay of this action pending the resolution of the defendants' petition for certiorari, currently pending before the Supreme Court of the United States. Although the parties have briefed the Motion from both sides, no party addressed the court's authority to grant a stay. While in general the court has "the power to stay proceedings [as an] incident[ ] to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," Landis v. N. Amer. Co., 299 U.S. 248, 254 (1936), the basis that the plaintiffs give for seeking a stay presents an exception to that rule.

Section 2101(f) of title 28 of the United States Code provides:

> In any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court. The stay may be granted by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court . . . .

This provision appears to grant power to stay the execution of a mandate of the Court of Appeals to the Court of Appeals itself and to the Supreme Court, and, by implication, to

1

deprive the district courts of the power to stay the execution of a mandate.  See Studiengesellschaft Kohle, mbH v. Novamont Corp., 578 F. Supp. 78 (1983); Kozman v. Trans World Airlines, Inc., 145 F. Supp. 140 (S.D.N.Y. 1956).  The court is not aware of the Second Circuit's resolution of this issue.  Cf. In re Stumes, 681 F.2d 524 (8th Cir. 1982) (concluding in dicta that a district court does not have this power).  Accordingly, the Motion is **DENIED**, but without prejudice to the plaintiffs seeking, at the Court of Appeals, that the mandate be recalled and a stay issue.  Relief may also be sought at the United States Supreme Court.

The plaintiffs' deadline for filing an opposition to the pending Motions for Summary Judgment is hereby extended to 14 days from the date of this Order's entry.

If any plaintiff does in fact seek the aforementioned relief from the Court of Appeals or Supreme Court within the 14 days following the entry of this Order and files with this court a notice to this effect, the court will further extend the summary judgment opposition deadline by the earlier of (a) 30 days or (b) 14 days from the entry of an order by the Court of Appeals or Supreme Court denying the Motion to Stay.  Any plaintiff seeking such relief is further ordered to file with this court a notice of any proceedings with respect to the corresponding motion within 5 calendar days of the occurrence of any such proceedings.

**SO ORDERED**.

Dated at New Haven, Connecticut this 28th day of January 2015.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge