UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHABAD LUBAVITCH OF<br>LITCHFIELD COUNTY, INC., et al., | CIVIL ACTION NO.:<br>3:09 CV 1419 (JCH) |
| *Plaintiffs*, | |
| vs. | |
| BOROUGH OF LITCHFIELD et al; | |
| *Defendants*. | JUNE 23, 2017 |

## DEFENDANTS' MOTION IN LIMINE TO PRECLUDE CERTAIN EXPERT TESTMONY OF RABBI JOSEPH EISENBACH

The defendants, Borough of Litchfield and the Historic District Commission of the Borough of Litchfield, respectfully move to preclude certain opinions to be contained in Rabbi Joseph Eisenbach's expert testimony  As grounds, plaintiff state as follows:

1. Plaintiff Rabbi Joseph Eisenbach was disclosed as an expert witness pursuant to Fed.R.Civ.P 26(a)(2)(A), and provided a written report pursuant to Fed.R.Civ.P 26(a)(2)(B) (See Exhibit A, annexed hereto).  Rule 26(a)(2)(B) requires that an expert's report contain, *inter alia*, "the data or other information considered by [an expert] in forming [the expert's opinions]." Fed.R.Civ.P. 26(a)(2)(B).

2. While the report is replete with references to religious scriptures and quotes of the foremost Orthodox Jewish Leader, Rebbe Rabbi Menchaem M. Schneerson, the report fails to identify authority for many of the Plaintiff Rabbi Eisenbach's anticipated opinions, including:

    A. An opinion that there is a requirement that the Rabbi's home must be included within or attached to the Chabad House which is the subject of this litigation and that the failure to do so would constitute a substantial burden on the Plaintiffs' exercise of their religion.

    B. An opinion that the spatial relationship between the residence and the primary religious space requires inclusion of the residence in the Chabad House and that the failure to do so would constitute a substantial burden on the Plaintiffs' exercise of their religion.

    C. An opinion that a pool is required to be in the Chabad House which is the subject of this litigation and that the failure to include it would constitute a substantial burden on the Plaintiffs' exercise of their religion.

    D. An opinion that the Chabad's programs will provide the only Temple in the area and programs for a Hebrew school and myriad other children and adult programs not offered to the community due to lack of facilities.

    E. An opinion that every church has a rectory that's usually connected.

    F. An opinion with respect to the functionality of the existing space utilized by the Chabad Lubavitch of Litchfield County, Inc.

G. An opinion as to how the size of renovation is the minimum required for the mission and purpose of Chabad Lubavitch of Litchfield County, Inc. and that the failure to approve a building the size of the one applied for would impose a substantial burden on the Plaintiffs' exercise of their religion.

3. While the defendants do not object to Rabbi Eisenbach testifying as to his personal preferences, and what amount to conveniences, he cannot frame them as expert opinions as his report falls well short in providing an adequate basis and reasons therefor for such opinions. It is well settled that an expert report pursuant to Rule 26(a)(2)(B) should contain all the information required with considerable detail. Walter Intern. Prods., Inc. v Salinas, 650 F.3d 1402, 1410 (11th Cir. 2011); Krischel v Hennesy, 533 F.Supp. 2d 790, 797-98 (N.D. Ill., 2008). Based upon his expert disclosure, the Rabbi is, at best, relying on his experience, that is not sufficient. Daubert v. Merrell Dow Pharmaceuticals, Inc., 43 F.3d 1311, 1319 (9th Cir.) The more subjective and controversial the expert's inquiry, the more likely the testimony should be excluded as unreliable. O'Conner v. Commonwealth Edison Co., 13 F.3d 1090 (7th Cir. 1994)

While Fed. Rules of Evid. No. 704 indicates that testimony on the ultimate issue is not automatically objectionable, in this case, coming from the Plaintiff/Advocate, clothing it with the mantle of an expert is prejudicial. "(T)o be admissible under Rule 704 an expert's opinion on an ultimate issue must be helpful to the jury and also must be based on adequately explored legal criteria." Haney v. Mizell Memorial Hosp., 744 F.2d 1467, 1474 (11th Cir. 1984). "Expert testimony that merely states a legal conclusion is less likely to assist the [finder of fact] in its determination." United States v. Chapman, 209 Fed.Appx. 253, 269 (4th Cir. 2006).

DEFENDANTS,
HISTORIC DISTRICT COMMISSION OF
THE BOROUGH OF LITCHFIELD
ANDBOROUGH OF LITCHFIELD


By _____/s/_____
        Mark S. Shipman, Esq.
        Federal Bar No.04323
        C. Scott Schwefel, Esq.
        Federal Bar No.19324
        Shipman, Shaiken & Schwefel, LLC
        433 South Main Street, Suite 319
        West Hartford, CT 06110
        Telephone No. (860) 606-1712
        Facsimile No. (866) 431-3248
        Email: mark@shipmanlawct.com
        Email: scott@shipmanlawct.com


## **CERTIFICATION**

The undersigned hereby certifies that on June 23, 2017, a copy of the foregoing *Motion* was filed electronically and served by electronic service to those receiving notices through the Court's CM/ECF system.


_____/s/_____
C. Scott Schwefel