UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DISTRICT

| | |
|---|---|
| CHABAD LUBAVITCH OF<br>LITCHFIELD COUNTY, INC. AND<br>RABBI JOSEPH EISENBACH,<br><br>    Plaintiffs,<br><br>vs.<br><br>BOROUGH OF LITCHFIELD, CONNECTICUT;<br>HISTORIC DISTRICT COMMISSION OF<br>THE BOROUGH OF LITCHFIELD; GLENN HILLMAN<br>AND KATHLEEN CRAWFORD<br><br>    Defendants.<br>_____/ | CIVIL ACTION NO.:<br>3:09 CV 1419 (JCH)<br><br><br><br><br><br><br><br><br><br><br><br>*July 24, 2017* |

**Motion to Sequester and Exclude Witnesses**

Now Comes Plaintiff, *Chabad Lubavitch of Litchfield County, Inc.*, by and through its attorney, Dalton & Tomich PLC by Daniel P. Dalton and moves to Sequester witnesses from attending trial prior to testimony and to preclude witnesses and representatives of Defendants from speaking to witnesses about trial testimony pursuant to Federal Rule of Evidence 615.

*Introduction*

On Tuesday, July 25, 2017 this case will start a bench trial before this Honorable Court. The matter, which started with the denial of a Certificate of Appropriateness from the Defendant Borough of Litchfield Historic District Commission ("HDC") in December 2007, has been pending for nearly 10 years. Depositions were taken in this case in 2010, 7 years ago. The parties have narrowed to the sole Plaintiff being the Chabad Lubavitch of Litchfield County, Inc. ("Chabad") and the Defendants being the Borough of Litchfield and the HDC. The only claim that is going to trial is Count Six of the Complaint, the Substantial Burden Claim under RLUIPA.

On Friday July 21, 2017, Defendants counsel has indicated to the undersigned that it wishes to have its experts sit in on the testimony of Plaintiff's expert Peter Bogryun. When asked about the common rule of sequestration of all witnesses, and precluding anyone from speaking to any witness about another witnesses' trial testimony, it became clear that this Motion is required as Defendants will have their witnesses in the Courtroom to hear the testimony of their companion witnesses, and, if the witnesses are not in the Courtroom to hear testimony, it would be provided to them.  Plaintiff avers that this tact is patently unfair, prejudicial and most importantly violates Fed. R. Evidence 615.  Accordingly, Plaintiff submits this Motion to preclude Defendants from having any witnesses in the Courtroom prior to their testimony and to preclude any witness or party, or representative of a party from informing any witness of any trial testimony in this case prior to their own oral testimony.

### The Rule of Evidence

The Federal Rules of Evidence provides the following with respect to witnesses at trial.

#### Fed. Rule Evidence 615. Excluding Witnesses

*At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony.* Or the court may do so on its own. But this rule does not authorize excluding:

(at) a party who is a natural person;

(b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney;

(c) a person whose presence a party shows to be essential to presenting the party's claim or defense; or

(d) a person authorized by statute to be present.

*(Emphasis added)*

### Legal Discussion

Rule 615 of the Federal Rules of Evidence provides that, at the request of a party, *the Court shall order witnesses excluded so they cannot hear the testimony of other witnesses*. The

sequestration rule serves three primary purposes: to prevent a witness from tailoring his testimony in light of the testimony of other witnesses, and to permit the discovery of false testimony and other problems relating to credibility, and preventing prospective witnesses from consulting witnesses who have already testified. *United States v. Leggett*, 326 F.2d 613, 613 (4th Cir.) cert. denied, 377 U.S. 955, 12 L. Ed. 2d 499, 84 S. Ct. 1633 (1964); *Geders v. United States*, 425 U.S. 80, 87, 47 L. Ed. 2d 592, 96 S. Ct. 1330 (1976); *United States v. Sepulveda*, 15 F.3rd 1161, 1176 (1st Cir., 1993).

The sequestration order is "designed to discourage and expose fabrication, inaccuracy, and collusion." *Opus 3 Ltd. v. Heritage Park, Inc*., 91 F.3d 625, 628 (4th Cir. 1996). A sequestration order under FRE 615 not only excludes the witnesses from the courtroom, but also includes a prohibition against the discussion of trial testimony with witnesses outside of the courtroom. *United States v. Greschner*, 802 F.2d 373, 376 (10th Cir. 1986), cert. denied, 480 U.S. 908, 94 L. Ed. 2d 523, 107 S. Ct. 1353 (1987). "Because a court may only decline to grant a party's request to sequester particular witnesses under one of the Rule 615 exemptions, the rule carries a strong presumption in favor of sequestration." *United States v. Jackson*, 60 F.3d 128, 135 (2d Cir. 1995) The party seeking exemption for a witness under Rule 615(3) has the burden of showing that the witness' presence is "essential." See, e.g., *Jackson*, 60 F.3d at 135; *Government of the V.I. v. Edinborough*, 625 F.2d 472, 475 (3d Cir. 1980).

## Application

In this case, Plaintiff Chabad ask the Court to enter an Order of sequestration in two general categories. The first is excluding witnesses from being in the Courtroom. The Chabad intends to call Mr. Hillman, Ms. Acerbi and Mr. Montebello, all of which were members of the HDC when the illegal decision was made to deny the Certificate of Appropriateness to the

3

Chabad. It is anticipated that Mr. Hillman and Ms. Acerbi will be called on the very first day of trial, July 25, 2017. It is further anticipated that Mr. Montebello will be called on the second day of trial, July 26, 2017. In deposition testimony, it was learned that Mr. Hillman and members of the HDC freely communicated about the Chabad and its pending application outside of the hearing, presumably to gain consensus of the members of the HDC. Despite the obvious Open Public Meeting Act issues, see generally CT Gen. Stat Sec. 1-225 (2012), there is no doubt the members of the HDC will discuss their testimony with one another should they be allowed to do so.

Further, Defendants have indicated that they wish to have their expert in the Courtroom while Plaintiff's expert, Peter Bogryn, testifies. Defendant's expert issued a report in 2016 outlining his opinions and did not comment at all on Plaintiff's expert. Rather, he essentially said that he thinks a Chabad can be designed to be three times the size of the existing building and does not require a residence for the Rabbi and his family or a below ground non-observable swimming pool. There is no good faith reason to have Defendants expert observe or learn of the Plaintiff's expert witness in this case given that he did not comment about Plaintiff's expert in his report.

In the interest of fairness, and pursuant to Rule 615, the Chabad simply ask for an Order to exclude all witnesses from the Courtroom until the trial is over. The reason for this is that Defendant may call them as witnesses during their case in chief and therefore, the witnesses need to be excluded until the trial is over.

In response, it is anticipated that the Defendant will ask the Court for the same relief as the Plaintiff is seeking. The Plaintiff concedes that it will agree to exclude witnesses from testifying at trial with the exception of Rabbi Joseph Eisenbach. He is the client representative of the Chabad and therefore, excluded per FRE 615 (b), an officer of the Chabad, namely, its President.

The second category of relief is a request that the Court Order that no witness talk to another about witness testimony until the trial is over. Again, it is clear that the HDC witnesses will speak with one another to get their story straight, just as they did during the HDC process. ***Exhibit 1.*** As noted above, Rule 615 serves another important purpose other than excluding witnesses from the Courtroom: to prevent prospective witnesses from consulting witnesses who have already testified. *Geders v. United States*, 425 U.S. 80, 87, 47 L. Ed. 2d 592, 96 S. Ct. 1330 (1976); *United States v. Sepulveda*, 15 F.3rd 1161, 1176 (1st Cir., 1993). Clearly, excluding the witnesses is not enough. As the HDC members brazenly violated the Open Public Meetings Act during deliberations prior to the final decision, there is no doubt that they will collude and talk about testimony once they complete the same.

As Courts have broad discretion to achieve fairness goals and "may make whatever provisions [they] deem necessary to manage trials in the interests of justice, including the sequestration before, during, and after their testimony," *United States v. Arias-Santana*, 964 F.2d 1262, 1266 (1st Cir. 1992) (trial court may enter non-discussion orders at its discretion), the Chabad seeks an Order from the Court to preclude witnesses from speaking with one another regarding witness testimony in this case.

Therefore, the Chabad respectfully request this Court to enter an Order to preclude all of the witnesses from talking with one another until the conclusion of trial.

### *Conclusion*

WHEREFOR, Plaintiff, *Chabad Lubavitch of Litchfield County, Inc.*, respectfully request this Honorable Court to Enter an Order to (1) exclude all witnesses from being physically present in the Courtroom until after their trial testimony is over, with exception of Rabbi Eisenbach, and

5

(2) preclude all witnesses from talking with one another until after the case in chief for both sides about the trial testimony of the other.

Respectfully submitted this 24th day of July, 2017

**Dalton & Tomich PLC**

/s *Daniel P. Dalton*
By: Daniel P. Dalton
Michigan Bar No. P 44056
*Pro Hac Vice admitted*
Lead Attorney for Plaintiffs
The Chrysler House
719 Griswold Street, Suite 719
Detroit, MI  48226
Tel. (313) 859-6000
Fax (313) 859-8888
ddalton@daltontomich.com

## CERTIFICATION

I hereby certify that on July 24, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties of operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

/s/ *Daniel P. Dalton*
Daniel P. Dalton
(Mich. Bar. No. P44056)
*Pro Hac Vice admitted*
Lead Trial Counsel
Dalton & Tomich PLC
The Chrysler House
719 Griswold St., Suite 270
Detroit, MI 48226
Tel: 313.859.6000
Fax: 313.859.8888
ddalton@daltontomich.com

6