**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CHABAD LUBAVITCH OF | : | CIVIL ACTION NO. |
| LITCHFIELD COUNTY, INC., et al., | : | 3:09-CV-1419 (JCH) |
|     Plaintiffs, | : | |
| | : | |
|       v. | : | |
| | : | |
| BOROUGH OF LITCHFIELD, | : | MARCH 31, 2020 |
| CONNECTICUT, et al., | : | |
|     Defendants. | : | |

**RULING RE: MOTION FOR ATTORNEY FEES AND COSTS (DOC. NO. 350)**

## I.     INTRODUCTION

This action arose out of the Historic District Commission of the Borough of

Litchfield (the "Commission")'s denial of the Chabad Lubavitch of Litchfield County ("the

Chabad")'s application for a Certificate of Appropriateness.  The Chabad alleged that

the Commission's denial substantially burdened its religious exercise, in violation of the

Religious Land Use and Institutionalized Persons Act ("RLUIPA"), section 2000cc et

seq. of title 42 of the United States Code.  After a bench trial and a ruling largely in favor

of the Chabad, this court granted the Chabad's Motion for Attorney's Fees and Costs

incurred at the trial stage.  See Ruling on Mot. for Attorney's Fees (Doc. No. 345).  The

Commission and its co-defendant, the Borough of Litchfield ("the Borough"), appealed

this court's Order granting attorney's fees and costs, and the Chabad cross-appealed.

See Mandate (Doc. No. 351); Chabad Lubavitch of Litchfield Cty., Inc. v. Litchfield

Historic Dist. Comm'n, 934 F.3d 238 (2d Cir. 2019).

The Chabad now seeks attorney's fees related to that appeal.  See Motion for

Appellate Attorney's Fees (Doc. No. 350).  The defendants oppose that Motion in part.

1

<u>See</u> Defs.' Mem. in Opp. to Mot. for Attorney's Fees (Doc. No. 354).  For the reasons

below, the Chabad's Motion for Appellate Attorney Fees and Costs is granted in part

and denied in part.

## II.    BACKGROUND AND PROCEDURAL POSTURE

The Chabad first filed its Complaint in 2009.  <u>See</u> Compl (Doc. No. 1).  In its

initial Complaint, the Chabad, along with Rabbi Joseph Eisenbach, asserted, <u>inter</u> <u>alia</u>,

claims under the First and Fourteenth Amendments and Substantial Burden,

Nondiscrimination, and Equal Terms claims under RLUIPA.  The original suit was

brought against the Commission, the Town of Litchfield, and several Doe defendants.

<u>See</u> <u>id</u>.  The Town of Litchfield moved to dismiss all claims against it, and the Chabad

substituted the Borough of Litchfield in place of the Town in its Second Amended

Complaint.  <u>See</u> Second Am. Compl. (Doc. No. 24).  By the Third Amended Complaint,

the plaintiffs had substituted named members of the Commission for the Doe

defendants.  <u>See</u> Third Am. Compl. (Doc. No. 54).

This court granted summary judgment in favor of the defendants on all claims.

<u>See</u> Ruling (Doc. No. 169); <u>Chabad Lubavitch v. Borough of Litchfield</u>, 796 F. Supp. 2d

333 (D. Conn. 2011).  The Chabad appealed this court's judgment, and the Second

Circuit remanded the case, vacating that judgment with respect to two of the claims: the

Substantial Burden claim and the Nondiscrimination claim.  <u>See</u> <u>Chabad Lubavitch of</u>

<u>Litchfield Cty., Inc. v. Litchfield Historic Dist. Com'n</u>, 768 F.3d 183 (2d Cir. 2014).  The

Second Circuit dismissed all claims against one of the Commission members, <u>see</u> <u>id.</u> at

187 n.1, and the plaintiffs subsequently voluntarily withdrew all claims against the other

two Commission members.  On the eve of trial, Rabbi Eisenbach voluntarily withdrew

from the case as a plaintiff.

By the time trial commenced, the case had evolved from a two-plaintiff, twelve-defendant, twelve-count action to an action by a single plaintiff, the Chabad, against two defendants, the Borough and the Commission, on one claim for injunctive relief, Substantial Burden under RLUIPA. Following a three-day bench trial, the court issued a bench Ruling finding that the Commission's denial of the Chabad's application for a certificate of appropriateness substantially burdened the Chabad's religious exercise. See Bench Ruling (Doc. No. 325) at 46–47. The court issued a mandatory injunction ordering the Chabad to submit an amended application for a certificate of appropriateness and ordering the Commission to approve the Chabad's amended application. Id. at 70–71. As this court summarized in a previous Ruling, "the court agreed with the Chabad's position that its religious exercise was substantially burdened, but disagreed with the Chabad's position as to the extent of the burden." See Ruling on Mot. for Attorney's Fees (Doc. No. 345) at 3.

In 2017, the Chabad moved for an award of attorney's fees and costs, and this court granted the Chabad's Motion for Attorney Fees and Costs in the amount of $717,405.95. Id. at 31. The court denied fees incurred during the administrative proceedings that proceeded the Chabad's federal complaint. Id. at 15-17. The Borough and the Commission appealed, and the Chabad cross-appealed. See Mandate (Doc. No. 351-1) at 3; Chabad Lubavitch of Litchfield Cty., Inc. v. Litchfield Historic Dist. Comm'n, 934 F.3d at 241. The Second Circuit agreed that the Chabad was "entitled to attorney's fees as a prevailing party, that it may not obtain fees for the administrative proceedings . . . , and that the [district court's] 50 percent reduction [in attorney's fees,

to reflect the Chabad's partial success] was appropriate." <u>Chabad Lubavitch of Litchfield Cty., Inc. v. Litchfield Historic Dist. Comm'n</u>, 934 F.3d at 241.

The Chabad then filed the Motion for Appellate Attorney Fees and Costs (Doc. No. 350) that is the subject of this Ruling. The Chabad argues that it is entitled to appellate fees and costs in the amount of $87,536.17, pursuant to section 1988 of title 42 of the United States Code. Mot. for Appellate Attorney's Fees and Costs (Doc. No. 350) at 1; <u>see also</u> Mem. in Supp. of Mot. for Appellate Attorney's Fees (Doc. No. 350). It also seeks costs for the out-of-pocket expenses incurred in pursuing the appeal, and post-judgment interest on both the first order of trial attorney's fees and, if this court should so order, on any award of appellate attorney's fees. <u>Id</u>. Finally, the Chabad requests an order that the Defendant "assess property owners to pay for the fee award and judgment." <u>Id</u>.

## III. DISCUSSION

### A. Appellate Attorney Fees

#### 1. Whether the Chabad is a "prevailing party" entitled to attorney fees

The Chabad argues that it is "entitled to recover all attorney's fees and costs expended on appeal," pursuant to section 1988 of title 42 of the United States Code. <u>See</u> Mem. in Supp. of Mot. for Appellate Attorney's Fees at 3. Pursuant to section 1988,

> [i]n any action or proceeding to enforce a provision of . . . the Religious Land Use and Institutionalized Persons Act of 2000 . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . .

42 U.S.C. § 1988(b). The Second Circuit has stated that "[p]revailing parties under Section 1988 are . . . entitled to recover a reasonable fee for preparing <u>and defending</u> a

fee application. That includes attorneys' fees incurred as a result of appeals related to the defense of a fee award." Hines v. City of Albany, 862 F.3d 215, 223 (2d Cir. 2017) (emphasis added) (internal citations omitted).

The court concludes that the Chabad is a "prevailing party" under section 1988 for the purpose of appellate attorney fees related to its defense of the award of trial attorney's fees. For the purposes of obtaining appellate attorney fees, "[i]t suffices that the plaintiffs were the prevailing party on the merits of their claim and successfully defended against the defendants' challenge to [the] award [of attorney's fees]." Id. Such is exactly the case here. This court concluded that the Chabad was the "prevailing party" on the merits of its claims and granted it attorney's fees and costs. See Ruling on Mot. for Attorney's Fees (Doc. No. 345) at 6-11 (rejecting defendants' arguments that the Chabad is not a prevailing party); id. at 11-15 (concluding that a reduction was appropriate to account for the Chabad's "partial success"). The Chabad successfully defended against the defendants' challenge to that finding and award. See Chabad Lubavitch of Litchfield Cty., Inc. v. Litchfield Historic Dist. Comm'n, 934 F.3d at 243-44 (agreeing that the Chabad "became a prevailing party when it obtained a beneficial 'enforceable judgment.'") (quotation omitted); id. at 245 (concluding that the reduction was within the district court's discretion). Therefore, the Chabad is a prevailing party for the purpose of appellate attorney's fees.

The defendants argue that the Chabad cannot seek attorneys' fees related to its cross-appeal, as the Chabad was not the "prevailing party" for the purposes of the cross-appeal. See Defs.' Opp. to Mot. for Appellate Attorney's Fees (Doc. No. 354) at 2-3. As the Chabad's cross-appeal was denied, the court agrees. See Chabad

Lubavitch of Litchfield Cty., Inc. v. Litchfield Historic Dist. Comm'n, 934 F.3d at 244-45;

Farrar v. Hobby, 506 U.S. 103, 111 (1992).  As the Supreme Court wrote in Hensley v.

Eckerhart, 461 U.S. 424 (1983), although a "fee award should not be reduced simply

because the plaintiff failed to prevail on every contention raised in the lawsuit," the

"most critical factor is the degree of success obtained."  Hensley, 461 U.S. at 435-36.

"If . . . a plaintiff has achieved only partial or limited success, the product of hours

reasonably expended on the litigation as a whole times a reasonable hourly rate may be

an excessive amount.  This will be true even where the plaintiff's claims were

interrelated, nonfrivolous, and raised in good faith."  Id. at 436.  Here, the Chabad did

not prevail on any of the claims it raised in its cross-appeal, which were separate and

distinct from the issues in the direct appeal.  See Chabad Lubavitch of Litchfield Cty.,

Inc. v. Litchfield Historic Dist. Comm'n, 934 F.3d at 245 ("In these circumstances, the

District Court acted within its discretion by awarding no fees for those [administrative]

proceedings. . . . The Court acted within its discretion in concluding that a 50 percent

reduction was warranted . . .").  Therefore, the court will award appellate attorney's fees

related to defending the appeal of the award of trial attorney's fees, but it will not award

appellate attorney's fees related to the unsuccessful cross-appeal.

    2.    Whether the fees requested are reasonable

Of course, fees awarded pursuant to section 1988 must be "reasonable."  42

U.S.C. § 1988.  As discussed in the court's Ruling on the Chabad's Motion for Attorney

Fees (Doc. No. 345),  in order to determine reasonable attorney fees pursuant to

section 1988, the court calculates a "lodestar figure" by multiplying a reasonable hourly

rate by the number of hours reasonably expended on the case.  See Ruling on Mot. for

Attorney Fees (Doc. No. 345) at 18; <u>Perdue v. Kenny A. ex rel. Winn</u>, 559 U.S. 542, 552 (2010).

First, the court must determine a reasonable hourly rate.  In determining a reasonable hourly rate, the court takes account of "all case-specific variables," <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany</u>, 522 F.3d 182, 189 (2d Cir. 2008), and considers factors such as "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; . . .  (5) the attorney's customary hourly rate; . . .  [and] (9) the experience, reputation and ability of the attorney[ ]," <u>id</u>. at 186 n.3 (citation omitted).  It also considers prevailing rates in the district.  <u>Farbotko v. Clinton Cty. of N.Y.</u>, 433 F.3d 204, 209 (2d Cir. 2005).  In its previous Ruling, this court found the requested rates "reasonable in light of the experience of the individuals billing and the market rates in the District of Connecticut."  <u>See</u> Ruling on Mot. for Attorney Fees (Doc. No. 345) at 20. The defendants did not challenge those hourly rates on appeal, and the plaintiff has not adjusted those rates in its current Motion.  Therefore, as it did in its previous Ruling on trial attorney's fees, the court finds that the hourly rates are reasonable for the purposes of the Chabad's Motion for Appellate Attorney Fees.  <u>See</u> <u>id</u>.

Having concluded that the requested rates are reasonable, the court next analyzes whether the hours expended were necessary and appropriate for the appeal. The Chabad has submitted exhibits documenting its attorneys' time related to the appeal, and the defendants have argued, in response, that certain activities should not be considered by the court in the lodestar calculation.

The court agrees with the defendants in part. First, as discussed above, the court agrees that the Chabad's attorneys should not be awarded fees for their work related to the cross-appeal, as the Chabad was not the "prevailing party" on the cross-appeal. Thus, the court will exclude entries for time spent on the cross-appeal. For example, the timesheets include entries such as: "Receive and review letter from attorney Dalton regarding cross-appeal of Order granting fees and costs," <u>see</u> Defs.' Ex. A (Doc. No. 355) at 4; "Draft e-mail to co-counsel analyzing potential cross-appeal issues," <u>see</u> <u>id.</u> at 7; and "Preparation of appellate brief with attention to cross appeal arguments," <u>see</u> <u>id.</u> at 12. Such entries, and similar ones, will be subtracted from the court's total calculation of attorney's fees. As there are multiple entries for work done solely on the cross-appeal, the court does not list them here. Rather, all such entries are listed in Appendix A.

In addition, some entries reflect work on both the cross-appeal and the response to the defendants' appeal. For example, the timesheets include entries such as: "Receive and review Opinion of Second Circuit on Order granting fees and costs," <u>see</u> Defs.' Ex. A (Doc. No. 355) at 5; "Confer . . . regarding 2d Cir. appeal and substantive and procedural strategy associated with cross-appeal," <u>see</u> <u>id.</u> at 7; and "Continued preparation of Response Brief and Opening Brief on Appeal," <u>see</u> <u>id.</u> at 12. The court has determined that the fees for this work should be reduced by 50%. As there are multiple entries for work done on both the appeal and the cross-appeal, the court does not list them here. Rather, all such entries are listed in Appendix A, which indicates which entries will be subtracted, in half, from the court's total calculation of attorney's fees.

Further, the defendants have identified, in Exhibit B, entries that are, in their view, vague or related to "excessive, redundant or otherwise unnecessary hours," Bliven v. Hunt, 579 F.3d 204, 213 (2d Cir. 2009). Because the court cannot determine if these entries, objected to in Defendants' Exhibit B, are for the appeal or cross-appeal, the court reduces the following entries as vague or excessive by 50%:

- On page 23[1] of Defs.' Ex. B (Doc. 355), the entry for "Prepare Acknowledgement and Notice of Appearance form and proof of service for appeal," dated 7/10/2018.

- On page 23 of Defs.' Ex. B (Doc. 355), the entry for "Review various orders filed by Second Circuit," dated 7/10/2018.

- On page 25 of Defs.' Ex. B (Doc. No. 355), the entry for "Continued preparation of Brief on Appeal," dated 7/19/2018.

- On page 27 of Defs.' Ex. B (Doc. 355), the entry for "Additional preparation of brief on appeal; prepare list of documents to include in appendices," dated 9/21/2018.

- On page 29 of Defs.' Ex. B. (Doc. 355), the entry for "Continued preparation of principal arguments in appellate brief, continued review of documents," dated 10/3/2018.

See Defs.' Ex. B. (Doc. No. 355) at 23-29.

In summary, having determined that some entries reflect work on the cross-appeal and should be excluded, that some entries reflect work partly on the cross-

---

[1] The page numbers used refer to the page numbers in the CM/ECF header for the Defendants' Exhibits A and B (Doc. No. 355).

appeal and should be reduced, and that some entries are too vague to determine whether they represent work done on the appeal or cross-appeal, the court subtracts a total of $27,493.75 from the total amount of attorney's fees the Chabad seeks, $82,343.[2]  See Appendix A; Mot. for Attorney's Fees at 1.  The court will award a total of $ 54,849.25 ($82,343 – $27,493.75) in attorney's fees related to the Chabad's successful defense of the appeal of this court's Ruling granting attorney's fees and costs at the trial level.

    B.    Out-of-pocket Expenses

    The Chabad also argues that its attorneys are entitled to recover the out-of-pocket costs they incurred during the appeal.  Mot. for Appellate Attorney's Fees at 12. The Chabad's attorneys seek a total of $5,193.17 in costs.  Mot. for Appellate Attorney's Fees at 1, 12.  The defendants argue that any costs related to the cross-appeal should not be granted pursuant to section 1988, because the Chabad did not succeed on that cross-appeal.  Defs.' Opp. to Mot. for Appellate Attorney's Fees at 5.  The defendants also argue that the court should not award costs for Attorney Dalton's admission fee to the Second Circuit Court of Appeals.  Id.

    As discussed above, section 1988 empowers the court, "in its discretion, [to] allow the prevailing party" the costs of an action under the RLUIPA.  42 U.S.C. § 1988(b).  "[A]ttorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients."  LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998); see also Kuzma v. Internal Revenue

_____

[2] Some of this reduction relates to Attorney Dalton's admission to the Second Circuit, as discussed infra at page 11.

Service, 821 F.2d 930, 933-34 (2d Cir. 1987) ("Identifiable, out-of-pocket disbursements for items such as photocopying, travel and telephone costs are generally taxable under § 1988 and are often distinguished from nonrecoverable routine office overhead, which must normally be absorbed within the attorney's hourly rate.")

The court agrees with the defendants in part as to the Chabad's request for costs. Costs related solely to the cross-appeal should not be awarded, as the Chabad is not a prevailing party. Therefore, it subtracts the filing fee for the cross-appeal, $505.00. See Pl.'s Ex. 5 (Doc. No. 350-1) at 46 (listing $505.00 "filing fee for the appeal" on 6/20/2018, when the Chabad filed its cross- appeal).

Further, the court will not award costs to cover Attorney Dalton's admission fee to the Second Circuit Court of Appeals. The list of expenses includes an entry for $221 for "admission to court fee," as well as $10 for a certificate of good standing. See Pl.'s Ex. 5 (Doc. 350-1) at 46. Another District Court in this Circuit found that a fee for bar admission renewal and the work related to that bar admission renewal was not reasonable, reasoning that, "[w]hen an attorney agrees to represent a client in litigation, it is expected that he is already qualified to litigate the case." Mister Sprout, Inc. v. Williams Farms Produce Sales, Inc., 881 F. Supp. 2d 482, 491, 492 (S.D.N.Y. 2012). The court agrees with this reasoning and disallows both the admission fee and the time entries related to Attorney Dalton's admission to the Second Circuit. See Appendix A.

In summary, the court subtracts a total of $736 in costs, because it finds that such costs are related either to the cross-appeal or to Attorney Dalton's admission to the Second Circuit. It will award a total of **$4,457.17** ($5,193.17-$736) in costs related

to the Chabad's successful defense of the appeal of this court's Ruling granting attorney's fees and costs at the trial level.

C.     Interest

In addition, the Chabad seeks post-judgment interest on both the original award of attorney's fees and, if granted, on any award of appellate attorney's fees. See Mem. in Supp. of Mot. for Appellate Attorney's Fees at 8. The defendants do not address the Chabad's request for post-judgment interest. See generally Defs.' Opp. to Mot. for Appellate Attorney's Fees.

The Chabad argues that it is entitled "to collect interest on two distinct monetary awards," the original award of attorney's fees for work at the trial level, and any award of appellate attorney's fees awarded as a result of the instant Motion. See Mem. in Supp. of Mot. for Appellate Attorney's Fees at 8. As to the original award, the Chabad identifies two potential dates of "judgment" in its briefing: November 2, 2017, the date the judgment in this case was entered on the merits, or, in the alternative, May 23, 2018, the date the court quantified the amount owed in attorney's fees. Id. at 9.

The court first considers whether it should award interest as of the date of the judgment on the merits. Some courts in this district have allowed post-judgment interest to accrue "from the time that the plaintiff was entitled to those costs, regardless of when they are quantified." See Hubbard v. Total Commc'ns, Inc., 623 F. Supp. 2d. 270, 271 (D. Conn. 2009); Albahary v. City & Town of Bristol, Conn., 96 F. Supp. 2d 121, 124 (D. Conn. 2000). However, in this court's view, as the Third, Seventh, and Tenth Circuits have held, "post-judgment interest on an attorney's fee award runs from the date that the District Court enters a judgment quantifying the amount of fees owed to the prevailing party." Eaves v. Cty. of Cape May, 239 F.3d 527, 542 (3d Cir. 2001)

12

(emphasis added); see also MidAmerica Federal Sav. & Loan Ass'n v. Shearson /
American Express, Inc., 962 F.2d 1470, 1476 (10th Cir. 1992); Fleming v. County of
Kane, State of Ill., 898 F.2d 553, 565 (7th Cir. 1990).  Those Circuits emphasize that,
before the amount of fees is clearly ascertained, interest is inappropriate.  See
MidAmerica, 962 F.2d at 1476 ("Any available postjudgment interest began to accrue on
April 22, 1991, the date the fees were meaningfully ascertained and included in a final,
appealable judgment."); Fleming, 898 F.2d at 565 ("Prior to the date the judgment on
attorney's fees was entered, plaintiff's attorneys' claim for unpaid attorney's fees was
unliquidated and, as such, not entitled to interest.").

   Although the Second Circuit has not ruled conclusively on the issue of when
post-judgment interest on attorney's fees begins to accrue, it has held, in an
unpublished decision, that "post-judgment interest would be inappropriate [where] the
judgment was not adequately ascertained."  Padberg v. Giuliani, 295 F. App'x 455, 457
(2d Cir. 2008); see also Kaiser Aluminum & Chem. Corp. v. Bonjorno, 494 U.S. 827,
835-36 (1990) (concluding that post-judgment interest runs from the date of the entry of
judgment, rather than the date of a verdict, based on the language of section 1961;
noting that the purpose of post-judgment interest is to "compensate the successful
plaintiff for being deprived of compensation for the loss from the time between the
ascertainment of the damage and the payment.")  Padberg supports this court's
conclusion that post-judgment interest on attorney's fees is not inappropriate where the
amount of fees was not "meaningfully ascertained,"  MidAmerica, 962 F.2d at 1476.
Thus, the court will not award post-judgment interest on attorney's fees as of the date of
the judgment on the merits, November 2, 2017.

However, the award of attorney's fees was "meaningfully ascertained," MidAmerica, 962 F.2d at 1476, on May 23, 2018, when the court issued its Ruling on trial attorney's fees. See Ruling on Mot. for Attorney's Fees (Doc. No. 345). That Ruling was affirmed on appeal. The Second Circuit has held that a judgment "affirmed on appeal accrues interest from the date of the original entry." Lewis v. Whelan, 99 F.3d 542, 545 (2d Cir. 1996) (citing Estate of Calloway v. Marvel Entertainment Group, 9 F.3d 237, 241–42 (2d Cir.1993), cert. denied, 511 U.S. 1081 (1994)); see also Fed. R. App. P. 37 ("Unless the law provides otherwise, if a money judgment in a civil case is affirmed, whatever interest is allowed by law is payable from the date when the district court's judgment was entered.") Therefore, because the trial attorney's fees award was fairly ascertained as of May 23, 2018, and because this court's Ruling on that award was affirmed on appeal, interest is payable from May 23, 2018.

Pursuant to section 1961, "[s]uch interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[ ] the date of the judgment." 28 U.S.C.A. § 1961(a). That rate, for the week preceding May 23, 2018, is 2.31%. See Board of Governors of the Federal Reserve System, Data Download Program, Treasury Constant Maturities, https://www.federalreserve.gov/datadownload. At an annual interest rate of 2.31%, computed to the day and compounded annually, the original award of $717,405.95 has accrued $31,087.76 in interest as of March 31, 2020. See 28 U.S.C. § 1961(b).

Regarding the appellate attorney's fees awarded in this Order, once a judgment on the issue of appellate attorney's fees enters, the Chabad will be entitled to interest

on such fees "calculated from the date of the entry of the judgment."  28 U.S.C. § 1961.

The average interest rate for the week of 3/23/2020 – 3/27/2020 is 0.17%.  Therefore,

as of the date of the entry of this Order, the $59,828.92 awarded in appellate attorney's

fees will accrue interest, compounded annually, at a rate of 0.17%.

### D.    Post-Judgment Remedy

Finally, the Chabad asks this court to "order the Borough of Litchfield to assess

the property owners to pay for the judgment."  Mot. for Appellate Attorney's Fees at 9.

The Chabad states that, during oral arguments before the Second Circuit Court of

Appeals, counsel for the defendants indicated that a fee award would require the

Borough of Litchfield to assess the property owners to ypay for the fee award.  Id.

Because "it takes time to have properties assessed and the tax bill sent out for

payment," the Chabad requests that this court order the defendants to "begin the

assessment process so that the same will occur in the Winter 2020  property tax bills

and payment will be made 30 days after collection."  Id. at 10.  The defendants argue

that the Chabad has provided "no authority, statutory or otherwise, which would allow

such an order."  Defs.' Opp. to Mot. for Appellate Attorney's Fees at 5.  The Chabad, in

response, argues that "the authority to create the debt implies an obligation to pay it,"

and that the "Borough undoubtedly has an obligation to pay" the debt it incurred in this

litigation.  Reply in Supp. of Mot. for Appellate Attorney's Fees (Doc. No. 356) at 2-3.

The court has issued a Notice accompanying this Ruling, which requests further

briefing on this issue.

## IV.    CONCLUSION

For the reasons stated above, the Chabad's Motion for Appellate Attorney's Fees

(Doc. No. 350) is **granted in part and denied in part**.  The court awards a total of

$54,849.25 in appellate attorney fees, which reflects the calculation above, see supra

Section III(A).  In addition, the court awards $4,457.17 in appellate costs, for a total

monetary award of $ 59,306.42.The Chabad will be entitled to interest on the appellate

attorney's fees awarded in this Order from the date of judgment once such judgment

enters.

The court also holds that the Chabad is entitled to interest on the court's previous

award of $717,405.95, at a rate of 2.31%, computed beginning on May 23, 2018.  As of

March 31, 2020, the amount of such interest is $31,087.76.

**SO ORDERED**.

Dated this 31st day of March, 2020 at New Haven, Connecticut.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge

| TOTAL AMOUNT SUBTRACTED | |
|---|---|
| Firm | Amount Subtracted |
| ALI | $ 2,583.00 |
| Halloran Sage | $ 918.75 |
| Dalton & Tomich | $ 23,992.00 |
| Total | $ 27,493.75 |

| Def. Ex. | Pg. of Doc. 355 | Firm | Date | Item | Amount Billed ($) | Reduct-ion (%) | Amount Subtracted ($) |
|---|---|---|---|---|---|---|---|
| A | 4 | ALI | 6/20/2018 | Receive and review letter from Attorney Dalton regarding cross-appeal of Order granting fees and costs | $ 41.00 | 100% | $ 41.00 |
| A | 4 | ALI | 6/22/2018 | Receive and review multiple items from 2d Cir re cross-appeal | $ 123.00 | 100% | $ 123.00 |
| A | 4 | ALI | 7/11/2018 | Receive and review multiple items from Second Circuit regarding cross-appeal of Order granting fees and costs | $ 246.00 | 100% | $ 246.00 |
| A | 4 | ALI | 7/19/2018 | Initial drafting of appearance for Second Circuit | $ 82.00 | 100% | $ 82.00 |
| A | 4 | ALI | 7/25/2018 | Reviewing file and drafting letter to DOJ attonrey Langworthy | $ 41.00 | 50% | $ 20.50 |
| A | 5 | ALI | 10/22/2018 | Reviewing Chabad draft brief and cases | $ 697.00 | 50% | $ 348.50 |
| A | 5 | ALI | 10/24/2018 | Reviewing additional cases for Chabad brief | $ 1,558.00 | 50% | $ 779.00 |
| A | 5 | ALI | 11/2/2018 | Receive and review Chabad final brief | $ 369.00 | 50% | $ 184.50 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| A | 5 ALI | 1/2/2019 | Receive and review HDC reply brief | $ | 328.00 | 50% | $ 164.00 |
| A | 5 ALI | 1/6/2019 | Reviewing cases cited in HDC reply brief | $ | 1,066.00 | 50% | $ 533.00 |
| A | 5 ALI | 8/14/2019 | Receive and review Opinion of 2d Cir on Order granting fees and costs | $ | 123.00 | 50% | $ 61.50 |
| A | Halloran 7 Sage | 6/19/2018 | Draft Email to Co-Counsel analyzing potential cross-appeal issues | $ | 150.00 | 100% | $ 150.00 |
| A | Halloran 7 Sage | 6/19/2018 | Email from response to Dan Dalton regarding appeal and possible cross-appeal | $ | 75.00 | 50% | $ 37.50 |
| A | Halloran 7 Sage | 6/20/2018 | Confer with Co Counsel Regarding Appeal | $ | 150.00 | 50% | $ 75.00 |
| A | Halloran 7 Sage | 7/5/2018 | Confer with Dan Dalton and Dan Krisch regarding 2d Cir appeal and substantive and procedural strategy associated with cross-appeal | $ | 150.00 | 50% | $ 75.00 |
| A | Halloran 7 Sage | 10/29/2018 | Review and revise and draft additions to appellate brief. . . | $ | 1,162.50 | 50% | $ 581.25 |
| A | Dalton & 10 Tomich | 6/20/2018 | Prepare notice of Cross Appeal; application to admit in the Second Circuit | $ | 492.00 | 100% | $ 492.00 |
| A | Dalton & 10 Tomich | 6/29/2018 | Complete Admission for Appeal, review local appellate rules, multiple e-mails with local couns | $ | 1,394.00 | 100% | $ 1,394.00 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| A | Dalton & 10 Tomich | 7/5/2018 | Review lower court order on fees | $ | 687.50 | 50% | $ 343.75 |
| A | Dalton & 10 Tomich | 7/6/2018 | Preparation of outline re contents of appellee brief and cross appeal | $ | 357.50 | 50% | $ 178.75 |
| A | Dalton & 10 Tomich | 7/9/2018 | Conference call with local counsel re appeal and corss appeal | $ | 137.50 | 50% | $ 68.75 |
| A | Dalton & 12 Tomich | 7/11/2018 | Begin preaparing our Opening Brief for cross-appeal | $ | 1,045.00 | 100% | $ 1,045.00 |
| A | Dalton & 12 Tomich | 7/12/2018 | Continue preparing/drafting Response Brief to Litchfield's appeal and our Opening Brief on App | $ | 1,237.50 | 50% | $ 618.75 |
| A | Dalton & 12 Tomich | 7/13/2018 | Review of 2d Circuit and US Supreme Court case law re attorney fees for administrative process | $ | 440.00 | 100% | $ 440.00 |
| A | Dalton & 12 Tomich | 7/13/2018 | Preparation of argument in Opening Brief re attoey fees for administrative proceedings | $ | 687.50 | 100% | $ 687.50 |
| A | Dalton & 12 Tomich | 7/16/2018 | Continued preparation of Response Brief and Opening Brief on Appeal | $ | 412.50 | 50% | $ 206.25 |
| A | Dalton & 12 Tomich | 7/17/2018 | Continued preparation of Brief on Appeal and Cross Appeal | $ | 770.00 | 50% | $ 385.00 |
| A | Dalton & 12 Tomich | 7/18/2018 | Continued preparation of Brief on appeal | $ | 440.00 | 50% | $ 220.00 |

# APPENDIX A

| | | | | Description | | Amount | | % | | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| A | 12 | Dalton & Tomich | 8/24/2018 | Preparation of appellate brief with attention to cross appeal arguments | $ | 522.50 | 100% | $ | 522.50 |
| A | 12 | Dalton & Tomich | 8/27/2018 | Continued preparation of appellate brief | $ | 385.00 | 50% | $ | 192.50 |
| A | 12 | Dalton & Tomich | 9/4/2018 | Preparation of appellate brief with attention to cross-appeal arguments; additional review of . . . | $ | 1,457.50 | 100% | $ | 1,457.50 |
| A | 14 | Dalton & Tomich | 9/5/2018 | Additional preparation of argument attorney fees for administrative hearing in brief on appeal | $ | 330.00 | 100% | $ | 330.00 |
| A | 14 | Dalton & Tomich | 9/6/2018 | Continued preparation of brief on appeal with attention to fees for admin hearings and 50% . . . | $ | 577.50 | 100% | $ | 577.50 |
| A | 14 | Dalton & Tomich | 9/7/2018 | Continue drafting cross appeal arguments re admin hearing fees and 50% cut | $ | 412.50 | 100% | $ | 412.50 |
| A | 14 | Dalton & Tomich | 9/10/2018 | Continue preparing brief on appeal with attention to arguments re administrative hearing fees | $ | 1,237.50 | 100% | $ | 1,237.50 |
| A | 14 | Dalton & Tomich | 9/11/2018 | Additional review of attorney fee filings and order additional review of bench ruling | $ | 1,732.50 | 50% | $ | 866.25 |

4

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| A | 14 | Dalton & Tomich | 9/20/2018 | Continue drafting Brief on Appeal with attention to nature of the case, statement of facts . . . | $ 1,237.50 | 50% | $ 618.75 |
| A | 16 | Dalton & Tomich | 10/2/2018 | Continued preparation of brief on appeal | $ 852.50 | 50% | $ 426.25 |
| A | 16 | Dalton & Tomich | 10/4/2018 | Continue drafting of principal arguments; additional revisions / finalizations to response argument | $ 1,677.50 | 50% | $ 838.75 |
| A | 16 | Dalton & Tomich | 10/5/2018 | Continue drafting/revising of principal and response arguments; continued revisions to factual | $ 1,540.00 | 50% | $ 770.00 |
| A | 16 | Dalton & Tomich | 10/9/2018 | Continued drafting of brief with attention to summary of attorney's fee ruling | $ 1,320.00 | 50% | $ 660.00 |
| A | 16 | Dalton & Tomich | 10/11/2018 | Continue preparing/finalizing brief on appeal with attention to our arguments re admin hearings | $ 1,677.50 | 100% | $ 1,677.50 |
| A | 16 | Dalton & Tomich | 10/12/2018 | Finalize body of brief; prepare table of contents and table of authorities | $ 1,182.50 | 50% | $ 591.25 |
| A | 16 | Dalton & Tomich | 10/30/2018 | Finalize and file the appeal brief | $ 1,683.00 | 50% | $ 841.50 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| A | 18 | Dalton & Tomich | 4/25/2019 | Review fee decision and briefs to distill oral argument points for Atty Dalton | $ 943.00 | 50% | $ 471.50 |
| A | 18 | Dalton & Tomich | 6/1/2019 | Review briefs on appeal for appellate argument | $ 1,517.00 | 50% | $ 758.50 |
| A | 18 | Dalton & Tomich | 6/3/2019 | Prepare to argue appeal; review briefs and new case law | $ 2,583.00 | 50% | $ 1,291.50 |
| A | 18 | Dalton & Tomich | 6/7/2019 | Continue to prepare for oral argument | $ 1,763.00 | 50% | $ 881.50 |
| A | 18 | Dalton & Tomich | 6/8/2019 | Review record, prepare for oral arguments regarding appeal | $ 2,173.00 | 50% | $ 1,086.50 |
| B | 23 | Dalton & Tomich | 7/10/2018 | Prepare Acknowledgement and Notice of Appearance form and proof of service for appeal . . . | $ 110.00 | 50% | $ 55.00 |
| B | 23 | Dalton & Tomich | 7/10/2018 | Review various orders filed by Second Circuit | $ 82.50 | 50% | $ 41.25 |
| B | 25 | Dalton & Tomich | 7/19/2018 | Continued preparation of Brief on Appeal | $ 687.50 | 50% | $ 343.75 |
| B | 27 | Dalton & Tomich | 9/21/2018 | Additional preparation of brief on appeal; prepare list of documents to include in appendices | $ 632.50 | 50% | $ 316.25 |
| B | 29 | Dalton & Tomich | 10/3/2018 | Continued preparation of principal arguments in appellate brief, continued review of documents | $ 1,292.50 | 50% | $ 646.25 |
| TOTAL | | | | | | $ | 27,493.75 |